IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SANDRA GARDNER**     **PLAINTIFF**

V.     **NO. 1:22-CV-64-DMB-DAS**

**FOREMOST AFFILIATED
INSURANCE SERVICES, INC.;
and JOHN DOES A, B, C, D and E**     **DEFENDANTS**

## ORDER

After this case was removed from state court to federal court on diversity jurisdiction grounds, the plaintiff moved to remand arguing that the amount in controversy is not satisfied. Because it is facially apparent that the amount in controversy exceeds the jurisdictional threshold, remand will be denied.

## I
## Procedural History

On March 21, 2022, Sandra Gardner filed a complaint in the Circuit Court of Oktibbeha County, Mississippi, against Foremost Affiliated Insurance Services, Inc. and "John Does A, B, C, D, and E." Doc. #2. The complaint alleges breach of contract and bad faith claims based on Foremost's handling of a home insurance policy issued to Gardner. *Id.*

On April 20, 2022, Foremost Insurance Company Grand Rapids, Michigan, asserting it was "incorrectly named in the Complaint as Foremost Affiliated Insurance Services, Inc.,"[1] removed the case to the United States District Court for the Northern District of Mississippi, asserting diversity jurisdiction. Doc. #1. Two days later, Gardner filed a motion to remand which includes a stipulation signed by her and her counsel stating that she "has no intention of requesting

---

[1] Foremost has taken no action nor presented any proof to correct the asserted misnomer.

or demanding more than $75,000.00 in this action." Doc. #3.[2] Foremost responded in opposition to the motion to remand on April 29, 2022. Doc. #7. Gardner did not reply.

**II**
**Standard**

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (cleaned up). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III**
**Analysis**

Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The parties do not dispute that they are completely diverse.[3] The only question is whether the requisite amount in controversy has been met.

In seeking remand, Gardner argues (1) the state court complaint "clearly did not request

---

[2] Contrary to the Local Rules, Gardner failed to file the stipulation as a separately denominated exhibit to her motion to remand. *See* L.U. Civ. R. 7(b)(2) ("All affidavits, … and other supporting documents and exhibits … must be filed as exhibits to the motion, response or rebuttal to which they relate. … [E]xhibits … must normally be filed under the same docket entry and denominated separately in the court's electronic filing system as exhibits to the motion ….").

[3] Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). The removal notice asserts that Gardner "is an adult resident citizen of … Mississippi" and "Defendant Foremost is a foreign corporation organized, existing, and with its principal place of business in Michigan," Doc. #1 at ¶¶ 4–5, which Gardner does not dispute. In violation of Local Rule 7(c), Foremost has failed to file a corporate disclosure statement.

damages in excess of $75,000.00," and (2) she "has stipulated and agreed that she has no intention of seeking, requesting, demanding, or accepting more than $75,000.00 in total damages," as indicated in her signed stipulation filed with the motion. Doc. #3. Foremost responds that because Gardner seeks policy benefits totaling $78,800, in addition to other damages in an unspecified amount, "it is facially apparent from the Complaint that the amount in controversy exceeds $75,000," notwithstanding Gardner's post-removal stipulation. Doc. #7 at 1.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). However, if the plaintiff contests the defendant's assertion by filing a motion to remand, "the court must decide by a preponderance of the evidence whether the relevant amount in controversy is met." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Id*.

> Count I of Gardner's state court complaint against Foremost alleges that Foremost has failed and wrongfully refused to provide coverage or to pay [Gardner] benefits for the following coverages and claims:
>
>> (a) Coverage A: Total Loss by fire of residence …. TOTAL CLAIM: $45,000.00
>> (b) Coverage B: Other Structures Protection. TOTAL CLAIM: $2,300.00
>> (c) Coverage C: Loss by fire of personal property …. TOTAL CLAIM: $22,500.00
>> (d) Additional Living Expense: Up to 12 months. TOTAL CLAIM: $9,000.00

Doc. #2 at PageID 23. As Foremost points out,[4] the total amount of Gardner's claimed policy

---

[4] Doc. #1 at 2.

3

benefits in Count I alone is $78,800. And Gardner asserts six additional claims[5] and seeks "compensatory damages, special damages, emotional distress damages, incidental and consequential damages, [and] punitive damages." *Id.* at PageID 27. Thus, it is facially apparent from the complaint that Gardner's claims exceed $75,000.

To the extent Gardner attempts to avoid this Court's jurisdiction by stipulating to a lesser amount,[6] such attempt fails. Where, as here, "it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (collecting cases); *see Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir. 2003) ("[J]urisdiction will be proper if it is facially apparent from the plaintiff['s] complaint that [the] claims are likely above $75,000.") (cleaned up). Accordingly, jurisdiction in this Court is proper and remand will be denied.

## IV
## Conclusion

Gardner's motion to remand [3] is **DENIED**.

**SO ORDERED**, this 15th day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] Counts Two through Seven of Gardner's complaint are titled, respectively, "Claim for Bad Faith Failure to Pay Benefits, Bad Faith Denial of Claims, Bad Faith Delay, and Bad Faith Investigation;" "Bad Faith Adjusting and Gross Negligence, Reckless Disregard for Plaintiff's Rights;" "Breach of Contract;" "Tortious Breach of Contract;" and "Breach of Covenant of Good Faith and Fair Dealing." Doc. #2 at PageID 23–26.

[6] Doc. #3 at PageID 30.